■ In the Matter of the Arbitration between SWEET ASSOCIATES, INC., Respondent, and CENTRAL SCHOOL DISTRICT No. 3 OF THE TOWNS OF ROTTERDAM, SCHENECTADY COUNTY AND GUILDERLAND AND COLONIE, ALBANY COUNTY, Appellant.— Appeal from a judgment and order of the Supreme Court, Schenectady County. On May 16, 1958 appellant and respondent entered into a contract for construction of the Mohonasen Junior-Senior High School in Schenectady, New York. Upon completion of the project a dispute arose as to appellant's performance under the contract, and pursuant to the provisions of the contract the disputed issues were submitted to arbitration. The arbitrators, after lengthy hearings, awarded respondent a total of $67,399.94, and respondent moved to confirm the award. Appellant purportedly appeared specially and urged that the award should not be confirmed on the grounds that the arbitrators exceeded their jurisdiction and authority by not rendering their award within 15 days after submission of the controversy to the arbitrators in accordance with the written agreement between the parties. The record reveals that on the cessation of testimony the arbitrators ruled that respondent was to have 5 days from delivery of the transcript to file a written summation; appellant would then have 30 days from the filing of such summation to file a brief; respondent would then have one week to file a rebuttal, and appellant one week to file a surrebuttal. Respondent filed its summation within the prescribed 5 days and appellant its brief within its prescribed 30 days. However, respondent, apparently being unable to prepare its rebuttal brief within the prescribed period, applied for and was granted by the arbitrators an extension of time. Notice of this ruling was sent to the attorney for the appellant. When respondent sent its rebuttal, the appellant returned it claiming that it had no knowledge of the arbitrators' extension of the filing time. The arbitrators then called a meeting to clarify this "misunderstanding" concerning the filing of answering briefs and took the position that until this was settled the matter had not been finally submitted for a decision. At this meeting appellant argued that the arbitrators could not consider the contractor's rebuttal because the extension was unauthorized, but

the arbitrators affirmed their prior position and gave appellant 30 days to file a surrebuttal. Within 15 days of the expiration of this 30-day period the award was rendered. Appellant states that the arbitrators could not vary the specified time limitations for filing answering briefs without the consent of both of the parties and that in so doing in effect lost jurisdiction. We find no merit in this contention. The arbitrators had jurisdiction to provide for adjournments or additional time for the submission of briefs since there was no limitation with respect thereto in the contract between the parties, and we see no reason why the arbitrators, as a court, could not grant such an extension on an ex parte application. The only restriction in the agreement between the parties was that a decision had to be made within 15 days after submission of the controversy, which would not occur until the last brief was received or the time alloted therefor had expired. This requirement was concededly complied with. After the court below rendered judgment confirming the award, appellant moved to reargue the motion of confirmation on the grounds of evidence of prejudice and partiality against appellant by at least one of the arbitrators. We see no reason to disturb the denial of this motion by the court below on the grounds that appellant's affidavit in support thereof contains conclusions of law and fact rather than evidentiary matter. Appellant urges, however, that its first appearance to contest the jurisdiction of the arbitrators was a special appearance within the meaning of section 237-a of the Civil Practice Act and that therefore following the refusal of the court below to accept its position it had a right as a matter of law to appear generally and litigate the question of confirmation on the merits, including the issue of prejudice (Civ. Prac. Act, § 237-a, subds. 4, 5). Without reaching the question of whether section 237-a is applicable to a motion to confirm, it is sufficient to point out here that in its first appearance what appellant was actually contesting was the jurisdiction of the arbitrators to render the award which issue had no effect whatever on the jurisdiction of the court over appellant or the subject matter in dispute but rather went to the merits of the confirmation of the award. Judgment and order affirmed, with costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.